### GERLI et al. v. LOUIS METZGER & CO.

(Supreme Court, Appellate Term. June 28, 1906.)

1. CONTRACTS—ACTIONS—EVIDENCE—SUFFICIENCY.

  In an action for failure to receive and pay for certain goods ordered manufactured, evidence examined, and *held* to show a delivery "as quickly as possible," as required by the contract.

2. FRAUDS, STATUTE OF—CONTRACT TO MANUFACTURE.

An acepted order to manufacture and deliver tussah, the process requiring winding, doubling, and twisting of raw silk, is a contract for work, labor, and services, and not a sale, falling within the statute of frauds.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 147, 148.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Paul Gerli and Herman Cahn, doing business as Paul Gerli & Co., against Louis Metzger & Co. From a judgment in favor of defendant, plaintiffs appeal. Reversed and remanded.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Michael H. Harris, for appellants.

Platzek & Stroock, for respondent.

LEVENTRITT, J. Under no aspect of this case can the judgment rendered in favor of the defendant be justified. The action was brought to recover damages for the breach of two alleged contracts, entered into, respectively, on the 23d day of January and the 7th day of February, 1905. The making and the term of the earlier contract are not in dispute. It was in the form of an accepted order given by the defendant corporation to the plaintiffs to manufacture for it out of raw silk 1,000 pounds of an article known as "tussah" at the agreed price of $2.75 a pound, less a discount of 7 per cent.; deliveries to be "made as quickly as possible." The conversion of the raw silk into "tussah" required "winding, doubling, and twisting." The plaintiffs claim that the later contract was a duplicate of the first; but the defendant denies absolutely that any second contract was made.

Between the 4th day of February and the 13th day of March, 1905, the plaintiffs made a number of deliveries of "tussah," aggregating about 700 pounds, which the defendant accepted and paid for. Two days after the last delivery, and without having made any prior complaint, the defendant wrote to the plaintiffs to "cancel all orders" for silk. At about the same time the plaintiffs sent to the defendant an invoice for 164 pounds additional. This was rejected and returned. Correspondence followed; the plaintiffs insisting upon the fulfillment of the contract, and the defendant persisting in its refusal to accept any more goods. Finally the plaintiffs notified the defendant that they would sell the undelivered 1,300 pounds for its account and hold it for any deficiency. The sale was made, and the amount realized was $391.95 less than would have resulted under the contracts. The plaintiffs brought this action to recover that sum as the damages sustained by them by reason of the breach of the contract. As to the first order the defendant resisted liability on the ground of "slow deliveries"; and as to the second, on the ground that it was not made, and, if made, was void under the statute of frauds, because not reduced to writing.

The proof adduced on the trial clearly established the plaintiffs' right to recover the damages suffered by reason of the defendant's refusal to accept the 300 pounds necessary to complete the first order. The plaintiffs introduced evidence showing that they made deliveries

as quickly as possible. That was practically uncontradicted, as the defendant's testimony on the subject was limited to the statement that the deliveries were "very slow," and there was no intimation that the deliveries could have been made more quickly. Thus the defendant utterly failed to meet the plaintiffs' claim based upon breach of the first order. The plaintiffs asserted and the defendant denied the giving of the second. There was oath against oath. That, of course, gave rise to a disputed question of the fact. The preponderance of proof was, however, with the plaintiffs, as their assertion was supported by the writings that passed between the parties. The defendant in its letters repeatedly mentioned the cancellation of "orders"—an expression inconsistent with the existence of only a single order, an inconsistency for which no explanation was offered. Upon the new trial, which must be had, the defendant may be able to reconcile its present contention with the expressions contained in its letters.

The statute of frauds is inapplicable. The contract in controversy was for work, labor, and services, and not for goods sold, and hence is enforceable, though oral.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.